# Arnold & Porter



**John F. Hagan, Jr.**
+1 312.583.2370 Direct
John.Hagan@arnoldporter.com

September 10, 2020

The Honorable Alison J. Nathan
United States District Judge
United States District Court for the
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/2020
```

> Re:   *GE Transportation Parts, LLC v. Central Railway Manufacturing, LLC*,
> Case No. 1:19-cv-04826-AJN

Dear Judge Nathan:

I represent plaintiff Wabtec Transportation Systems, LLC, f/k/a GE Transportation Parts, LLC in the above-referenced action. Together with counsel for defendant Central Railway Manufacturing, LLC, we respectfully write pursuant to Section 1(A) of the Court's Individual Practices in Civil Cases to seek clarification concerning whether by so-ordering the final page of ECF No. 80, the Court intended to so-order the document in its entirety, such that both of the following would be so-ordered: (1) the Stipulated Confidentiality Order and (2) the Stipulation and Order Concerning Protocol for Conducting Remote Depositions.

To the extent that the Court intended to separately so-order each of these documents, we have reattached as **Exhibit A** hereto an additional copy of the Stipulated Confidentiality Order, and we respectfully request that the Court likewise enter this attached, proposed order.

We appreciate Your Honor's time and consideration.

Respectfully Submitted,

*/s/* John F. Hagan, Jr.

cc:    All Counsel of Record (by ECF)

---

**Arnold & Porter Kaye Scholer LLP**
70 West Madison Street, Suite 4200, Chicago, Illinois 60602-4321 | **www.arnoldporter.com**

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GE TRANSPORTATION PARTS, LLC,

       Plaintiff,

     –v–

CENTRAL RAILWAY MANUFACTURING, LLC,

       Defendant.

Case 1:19-cv-04826-AJN

## STIPULATED CONFIDENTIALITY ORDER

It is hereby stipulated and agreed by and between Plaintiff GE Transportation Parts, LLC ("Plaintiff") and Defendant Central Railway Manufacturing, LLC ("Defendant"), subject to the approval of the Court, that this Stipulated Confidentiality Order (the "Order") shall govern the use of Discovery Material, as defined below, in the above-captioned action (the "Action").

WHEREAS, on July 17, 2020, the Court entered the Civil Case Management Plan and Scheduling Order (ECF No. 71); and

WHEREAS, disclosure and discovery of documents and electronically stored information ("ESI") in the Action may involve the production of trade secrets or other confidential research, development or commercial information, within the meaning of Federal Rule of Civil Procedure ("Rule") 26(c);

NOW THEREFORE, pursuant to Rules 26 and 29, the Parties stipulate and agree to the Order as follows.

## DEFINITIONS

1.    "Party" means any party to this action, including all of its officers, directors, managers, and employees with knowledge or responsibilities for this action. If additional parties

are added other than parents, subsidiaries or affiliates of current parties to this Action, then their ability to receive Confidential Information and/or Highly Confidential Information as set forth in this Order will be subject to them being bound, by agreement or additional Court order, to this Order.

2.     "Discovery Material" means any information, document, or tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any Party in such form, the Producing Party may designate such matters as confidential by a designation of "Confidential" or "Highly Confidential" on the media.

3.     "Competitor" means any company or individual, other than the Designating Party, engaged in the authorship, creation, design, development, invention, licensing, manufacture, sale, marketing, distribution, prosecution, pursuit, research of any intellectual property, products, or services for use in the rail industry in North America, specifically including locomotives, rail components, and related software systems.

4.     "Confidential" refers to information that the Producing Party believes would be entitled to protection on a motion for a protective order pursuant to Rule 26(c) on the basis that it (a) constitutes, reflects, discloses, or contains information protected from disclosure by statute or (b) should be protected from disclosure as confidential research, development, technical, commercial or financial information that the Designating Party has maintained as confidential; provided, however, that a designation of "Confidential" shall not be applicable to public records, to other information or documents that are already publicly available, to information or documents

2

developed by other Parties without being subject to confidential protection, or to information or documents previously exchanged between the Parties without being subject to confidential protection. In designating Discovery Materials as "Confidential," the Producing Party shall do so in good faith consistent with the provisions of this Order and rulings of the Court.

5.     "Highly Confidential" refers to highly sensitive proprietary, technical, or commercial information belonging to the Designating Party that derives substantial value from not being known or accessible to Competitors of the Designating Party or to other third parties, such that disclosure of the information to any Competitor or other third parties could result in irreparable harm to the Designating Party. In designating Discovery Material as "Highly Confidential," the Producing Party shall do so in good faith consistent with the provisions of this Order and rulings of the Court.

6.     "Designating Party" means a Party or non-party that designates Discovery Material as Confidential or Highly Confidential.

7.     "Producing Party" means a Party to this Action, and all directors, employees, and agents (other than Counsel) of the Party or any third party that produces or otherwise makes available Discovery Material to a Receiving Party.

8.     "Receiving Party" means a Party to this Action, and all employees, agents, and directors (other than Counsel) of the Party that receives Discovery Material from a Producing Party.

9.     "Protected Material" means any Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material, that is designated as "Confidential" or "Highly Confidential" in accordance with this Order.

10. "Outside Counsel" means any law firm or attorney who represents any Party for purposes of this Action.

11. "In-House Counsel" means attorney employees of any Party.

12. "Counsel," without another qualifier, means Outside Counsel and In-House Counsel.

13. "Independent Expert" means an expert and/or independent consultant formally retained, and/or employed to advise or to assist Counsel in the preparation and/or trial of this Action, and their staff who are not employed by a Party to whom it is reasonably necessary to disclose Confidential Information or Highly Confidential Information for the purpose of this Action.

## SCOPE OF ORDER

14. This Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a Producing Party, if and when the documents are designated by the Producing Party as "Confidential" or "Highly Confidential" in accordance with the terms of this Order. This Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

## CONFIDENTIALITY DESIGNATIONS

15. Any Producing Party shall have the right to designate Discovery Materials produced in the Action as "Confidential" or "Highly Confidential." Such designation may be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the term "Confidential" or "Highly Confidential." Whenever any Party to whom Computerized Material designated as "Confidential" or "Highly Confidential" is produced reduces such material

to hardcopy form, that Party shall mark the hardcopy form with the corresponding "Confidential" or "Highly Confidential" designation.

16.    Except for documents, data, or items produced for inspection at a Producing Party's facilities, and except for instances when a Producing Party inadvertently fails to designate documents, as described below in paragraphs 21-22, the designation of documents as "Confidential" or "Highly Confidential" shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event documents are produced for inspection at a Producing Party's facilities, such documents may be produced for inspection before being marked "Confidential" or "Highly Confidential." Once specific documents have been identified by the Receiving Party for copying, any documents which the Producing Party seeks to designate as "Confidential" or "Highly Confidential" will then be designated as such after copying but before delivery to the Receiving Party who inspected the documents. There will be no waiver of confidentiality by the inspection of documents in advance of designation.

17.    The Parties shall abide by the requirements of this Order with respect to all designated documents produced during the course of this litigation, including with respect to the designations or de-designations by a non-party, subject to further orders of the Court with respect to particular designated documents or groupings of documents.

18.    For depositions or other pre-trial testimony to be entitled to protection under this Order, the relevant Producing Party must designate the testimony and exhibits disclosed at a deposition as "Confidential" or "Highly Confidential" by requesting the reporter to so designate the transcript, any portion of the transcript, or any exhibits used at the deposition. Such designations may be made on the record at the time of the deposition,

5

or in writing (which may include by email), with notice to other Parties, within either 14 days after delivery of the final transcript or such other time as the Parties may agree. The parties understand final transcript to mean the transcript, with errata completed. Deposition exhibits that were previously produced in the action subject to a designation of "Confidential" or "Highly Confidential" will retain the same designation, without the need for separate designation in connection with the deposition, unless the Parties agree to a different designation in connection with the deposition.

19. During the time for transcription and continuing until fourteen (14) days after delivery of the final transcript, the transcript and exhibits must be treated presumptively as Highly Confidential, unless the Producing Party consents in writing (which may include by email) to lesser treatment of the information.

20. Each Party and the court reporter must attach a copy of any final written designation notice to the final transcript, and the portions designated in such notice must thereafter be treated in accordance with this Order. It is the responsibility of counsel for each Party to maintain materials containing "Confidential" or "Highly Confidential" information in a secure manner and appropriately identified, so as to allow access to such information only to such persons and under such terms as is permitted under this Order.

21. The inadvertent failure to designate information as "Confidential" or "Highly Confidential" will not constitute a waiver of a claim that the information is confidential, and will not prevent the Producing Party from designating such information as "Confidential" or "Highly Confidential" at a later date in writing. The Producing Party may designate information as "Confidential" or "Highly Confidential" by (a) notifying the Receiving Party of such designation

in writing and (b) with respect to a document, producing a replacement copy of the document (utilizing the same Bates number as the originally produced version).

22.     Upon receiving a supplemental designation notice, the Parties shall thereafter mark and treat the information as "Confidential" or "Highly Confidential" from the date of such supplemental notice forward. The Receiving Party and its representatives shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other materials generated based upon such newly designated information are immediately treated as containing "Confidential" or "Highly Confidential" information. In addition, upon receiving such supplemental written notice, any person having received the "Confidential" or "Highly Confidential" information prior to its designation as "Confidential" or "Highly Confidential" shall exercise its reasonable, good faith efforts to: (a) ensure the return or destruction of such "Confidential" or "Highly Confidential" information by any person not authorized to receive "Confidential" or "Highly Confidential" information under the terms of this Order; (b) ensure that any documents or other material derived from such "Confidential" or "Highly Confidential" information are treated as if the "Confidential" or "Highly Confidential" information had been designated as such when originally produced; (c) ensure that such "Confidential" or "Highly Confidential" information is not further disclosed except in accordance with the terms of this Order; and (d) ensure that any such "Confidential" or "Highly Confidential" information, and any information derived therefrom, is used solely for the purposes of litigation in the Action.

## CHALLENGES TO DESIGNATIONS

23.     A Receiving Party may at any time prior to the conclusion of trial in this Action submit a written objection to a confidential designation to a Designating Party. The Designating Party within fourteen (14) days after receipt of a written challenge must advise the Receiving Party

whether or not it will change the designation and provide a concise explanation. If the matter remains disputed, then the Receiving Party and Designating Party shall confer. If they cannot resolve the issue, the Receiving Party may seek an order to alter the confidential status of the designated information. Upon any such motion, the burden shall be on the Designating Party to show good cause why the "Confidential" designation is proper.

24.    While any such motion is pending, the "Confidential" or "Highly Confidential" designation will remain in full force and effect, and the document shall continue to be protected by this Order.

### LIMITS ON DISCLOSURE AND USE OF DESIGNATED INFORMATION

25.    All discovery produced in this action may be used solely for purposes of preparation, trial, and appeal of the Action. Nothing in this Order shall bar the use or disclosure of any information designated as "Confidential" at trial or at any other public hearing in the Action.  The process for using information designated as Highly Confidential should be resolved at the final pretrial conference.

26.    Without the written consent of the Designating Party or by order of the Court, the Receiving Party and counsel for the Receiving Party shall not disclose or permit the disclosure of any documents or information designated as "Confidential" under this Order, except that disclosure may be made to the following persons for purposes of this Action, provided that such persons are informed of the terms of this Order:

      a)  the U.S. District Court for the Southern District of New York (the "Court") including its judges, magistrates, special masters, attorneys, stenographic reporters, staff, and all other personnel necessary to assist the Court in its functions; and the jury;

b) employees of the Receiving Party who are required in good faith to provide assistance in the conduct of the Action;

c) In-House and Outside Counsel for the Receiving Party;

d) supporting personnel employed by In-House or Outside Counsel for the Receiving Party, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; and any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

e) experts or consultants retained by the Receiving Party for purposes of assisting the Receiving Party and/or the Receiving Party's counsel in the preparation and presentation of the claims or defenses in this case subject to paragraph 29 below;

f) any vendor or its staff who assisted in collecting, processing, hosting, preparing documents produced by the Parties;

g) the author of any document and/or the person or persons to whom the document was addressed or delivered;

h) any witness or potential witness in interviews or in preparation for any deposition, hearing, or trial in this Action, and at any deposition, hearing, or trial in this Action;

i) any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in this litigation.

27.    Without the written consent of the Designating Party or by order of the Court, the Receiving Party and counsel for the Receiving Party shall not disclose or permit the disclosure of any documents or information designated as Highly Confidential under this Order, except that disclosure may be made to the following persons if and as strictly necessary for purposes of this Action, provided that such persons are informed of the terms of this Order:

  a)  the Court including its judges, magistrates, special masters, attorneys, stenographic reporters, staff, and all other personnel necessary to assist the Court in its functions; and the jury;

  b)  In-House and Outside Counsel for the Receiving Party;

  c)  two employees of the Receiving Party previously identified to the Designating Party, subject to the Designating Party's consent to the Receiving Party's choice of employee which may not be unreasonably withheld;

  d)  supporting personnel employed by In-House or Outside Counsel for the Receiving Party, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; and any persons requested by Outside Counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

  e)  experts or consultants retained by the Receiving Party for purposes of assisting the Receiving Party and/or the Receiving Party's counsel in the preparation and presentation of the claims or defenses in this case;

f) any vendor or its staff who assisted in collecting, processing, hosting, preparing documents produced by the Parties;

g) the author of any document and/or the person or persons to whom the document was addressed or delivered;

h) any witness at a deposition, hearing, or trial in this Action;

i) any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in this litigation.

28.    Prior to receiving "Confidential" or "Highly Confidential" information, those persons listed in subparagraphs 26(i), 27(c), and 27(i) must execute a written acknowledgment (in the form annexed hereto as Exhibit A) indicating that they have read the Order and agree to be bound by its terms. Counsel who furnish documents designated as "Confidential" or "Highly Confidential" to such persons will be responsible for maintaining any and all such written acknowledgments.

29.    Prior to receiving "Confidential" or "Highly Confidential" information, a Receiving Party's proposed expert or consultant must execute a written acknowledgment (in the form annexed hereto as Exhibit B) indicating that they have read the Order and agree to be bound by its terms. Counsel who furnish documents designated as "Confidential" or "Highly Confidential" to a Receiving Party's proposed expert or consultant will be responsible for maintaining any and all such written acknowledgments.

30.    Nothing in this Order shall be construed to limit any Producing Party's use, disclosure, or de-designation of its own documents, materials or information designated as "Confidential" or "Highly Confidential"; provided, however, that the Producing Party may not continue to enforce designations in documents that exceed the confidentiality protection it uses for those documents in the Action. This Order shall not prejudice in any way the

rights of any Party to introduce into evidence at trial any document, testimony, or other evidence subject to this Order, or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.

31.    The existence of this Order must be disclosed to all Producing Parties, including non-parties.

32.    All "Confidential" or "Highly Confidential" information that is filed by any Party with the Court shall be filed in accordance with the Court's Local Rules, its Individual Practices in Civil Cases, and the applicable circuit law and precedents cited therein ("Seal Requirements"). Consistent with the Seal Requirements, redacted copies of the filing containing Confidential Information may be filed publicly via ECF. To the extent that any Confidential or Highly Confidential information is filed with any other court, the Receiving Party shall apply to have "Confidential" or "Highly Confidential" information filed under seal.

33.    Producing or receiving "Confidential" or "Highly Confidential" information, or otherwise complying with the terms of this Order, will not: (a) operate as an admission by any Party or non-party that any particular "Confidential" or "Highly Confidential" information contains trade secrets or other confidential or proprietary information; (b) prejudice the rights of a Party or non-party to object to the production of information or material that the Party or non-party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party or non-party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party or non-party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Order with respect to any particular information or material.

## PRIVILEGE CLAIMS

34.     Nothing in this Order shall require disclosure of information that counsel for any Party contends is protected from disclosure by attorney-client privilege, the work product doctrine, or any other applicable immunity or privilege, nor shall this Order be construed to require disclosure in instances where such disclosure would breach an agreement with another to, or violate a court order to maintain such information in confidence.

35.     If any information subject to a good-faith claim of attorney-client privilege, the attorney work-product doctrine, or any other legal privilege or protection from discovery (a "Privilege Claim") is inadvertently produced, the act of production shall in no way prejudice the Producing Party or constitute a waiver or acquiescence of the Privilege Claim. A Producing Party may notify the other Parties of its inadvertent production at any time.

36.     If a Producing Party informs the Receiving Party in writing that the Producing Party has inadvertently produced information that is subject to a Privilege Claim, the Receiving Party shall not use such information for any purpose and the Receiving Party shall have twenty-one (21) days to: (a) return the information and all copies thereof to the Producing Party and destroy all records of the contents of such information; or (b) notify the Producing Party in writing of an objection to the Privilege Claim, along with the grounds for the objection, which shall include any assertion that the privilege was waived for reasons *other* than the act of inadvertent production.

37.     Within twenty-one (21) days after it reasonably appears that good faith efforts to resolve the dispute have failed, either party may move for an order on the validity of the Privilege Claim asserted by the Producing Party. Nothing in this Order shall alter or waive the standards and burden applicable to any motion concerning privilege or waiver of privilege. During the pendency of such a motion, each Receiving Party may retain the information and all copies thereof, but shall

make no further use of it other than is necessary in connection with the proceedings on the motion. Any copy of such information submitted to the Court in connection with the motion shall be filed under seal for *in camera* review by the Court in accordance with the terms of this Order or as further directed by the Court.

38.    If the Receiving Party takes no action within twenty-one (21) days, the Receiving Party shall be deemed to have waived any objection to the Privilege Claim.

39.    Upon a determination by the Court that the information is privileged, protected work product, or otherwise protected from disclosure, the Receiving Party shall: (a) with respect to documents, promptly return the original and all copies of such documents to the Producing Party; and (b) destroy all records of the contents of the privileged or protected information, as well as all work product including or referencing such information.

40.    With respect to deposition testimony that the Producing Party claims or the Court determines is privileged, protected work product, or otherwise protected from disclosure, the Producing Party shall provide to the Receiving Party a redacted copy of such deposition transcript.

## TERMINATION OF ACTION

41.    Within ninety (90) days after final judgment in this Action, including the exhaustion of all appeals, or within ninety (90) days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Order shall return to the Producing Party or undertake reasonable efforts to destroy all copies of materials and documents containing "Confidential" or "Highly Confidential" information, and to certify to the Producing Party that this return or destruction has been completed. However, In-House and Outside Counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product related to the Action, provided that any such materials

containing "Confidential" or "Highly Confidential" information are otherwise maintained in strict confidence and protected in accordance with the terms of this Order.

42.     In the event a Receiving Party (or its counsel) to this Action is served with a subpoena for the production of any document covered by this Order, the Receiving Party shall, within four (4) business days after receipt of the subpoena, provide a copy of the subpoena to the Designating Party, who shall be responsible to object to the subpoena and defend any action to enforce the subpoena. Furthermore, the Receiving Party (or its counsel) shall not disclose the "Confidential" or "Highly Confidential" information prior to the later of the conclusion of ten (10) days after notice of the subpoena to the Designating Party, or the time in which the relevant court rules on any motion objecting to the subpoena filed by the Designating Party, except that nothing in this Order shall require a Receiving Party to disobey or contest a court's order directing the production of Confidential or Highly Confidential information.

43.     Nothing in this Order shall interfere with the Court's authority to amend the terms of the Order or to enter such further relief as it determines to be appropriate.

*     *     *     *

Stipulated and agreed as of July 31, 2020.


 /s/ John F. Hagan, Jr.                            /s/ Daniel P. Moylan
John F. Hagan, Jr. (*pro hac vice*)              Daniel P. Moylan (*pro hac vice*)
Stephanna F. Szotkowski                          ZUCKERMAN SPAEDER LLP
ARNOLD & PORTER KAYE SCHOLER                      100 East Pratt Street, Suite 2440
LLP                                              Baltimore, MD 21202-1031
70 West Madison Street, Suite 4200               Tel: 410-332-0444
Chicago, IL 60602-4231                           Fax: 410-659-0436
Tel: 312-583-2300                                dmoylan@zuckerman.com
Fax: 202-822-8106
john.hagan@arnoldporter.com
stephanna.szotkowski@arnoldporter.com            Adam L. Fotiades (*pro hac vice*)
                                                 ZUCKERMAN SPAEDER LLP
*Counsel for Plaintiff*                          1800 M Street NW, Suite 1000
                                                 Washington, DC 20036-5807
                                                 Tel: 202-778-1800
                                                 Fax: 202-822-8106
                                                 afotiades@zuckerman.com

                                                 *Counsel for Defendant*


So Ordered.                              ┌────────────────────────────────────┐
                                        │ Nothing in this Order affects the parties' │
                                        │ obligation to comply with Rule 4 of the │
                                        │ Court's Individual Practices in Civil Cases │
                                        │ governing redactions and filing under seal, │
                                        │ or with any of the Court's other Individual │
_____          │ Practices as relevant.  SO ORDERED. │
The Honorable Alison J. Nathan          └────────────────────────────────────┘
United States District Judge                           *Alison J. Nathan*
                                                                    9/11/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GE TRANSPORTATION PARTS, LLC,

　　　　　　　　Plaintiff,

　　　　–v–

CENTRAL RAILWAY MANUFACTURING, LLC,

　　　　　　　Defendant.

Case 1:19-cv-04826-AJN

---

## CONFIDENTIALITY ATTESTATION (Exhibit A)

_____ hereby attest my understanding that

information and/or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

may be provided to me pursuant to the terms, conditions and restrictions of a Stipulated

Confidentiality Order (the "Order") signed by the parties to the action captioned *GE*

*Transportation Parts, LLC v. Central Railway Manufacturing, LLC*, Civil Action No. 1:19-cv-

04826-AJN.  I have been given a copy of the Order, have reviewed it and/or discussed its

meaning and effect with the attorneys providing me with such information and documents, and I

hereby agree to be bound by its terms.

　　　I further agree and attest to my understanding that, in the event that I fail to abide by the

terms of the Order, I may be subject to sanctions, including, but not limited to, contempt of court.

　　　I submit to the jurisdiction of the U.S. District Court for the Southern District of New

York for enforcement of the Order.

　　　I further agree that I shall not disclose to others, except in accordance with the Order,

such information or documents, and that such information or documents shall be used only for

the purpose of the legal proceeding in which the documents were produced.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____          Signature: _____

                                        Print Name: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GE TRANSPORTATION PARTS, LLC,

                Plaintiff,

        –v–                                  Case 1:19-cv-04826-AJN

CENTRAL RAILWAY MANUFACTURING, LLC,

                Defendant.

---

**CONFIDENTIALITY ATTESTATION FOR EXPERT OR**

**CONSULTANT OF ANY PARTY (Exhibit B)**

_____ hereby attest my understanding that

information and/or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

may be provided to me pursuant to the terms, conditions and restrictions of a Stipulation and

Order (the "Order") signed by the parties to the action captioned *GE Transportation Parts, LLC*

*v. Central Railway Manufacturing, LLC*, Civil Action No. 1:19-cv-04826-AJN.  I have been

given a copy of the Order, have reviewed it and/or discussed its meaning and effect with the

attorneys providing me with such information and documents, and I hereby agree to be bound by

its terms.

      I further agree and attest to my understanding that, in the event that I fail to abide by the

terms of the Order, I may be subject to sanctions, including, but not limited to, contempt of court.

      I submit to the jurisdiction of the U.S. District Court for the Southern District of New

York for enforcement of the Order.

I further agree that I shall not disclose to others, except in accordance with the Order, such information or documents, and that such information or documents shall be used only for the purpose of the legal proceeding in which the documents were produced.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I further agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of the Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing "Confidential" or "Highly Confidential" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential" or "Highly Confidential" information, except for a final copy of any expert report prepared by me, are to be returned to counsel who provided me with such documents and materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____      Signature: _____

Print Name:_____