# Arnold & Porter

**John F. Hagan, Jr.**
+1 312.583.2370 Direct
John.Hagan@arnoldporter.com

January 28, 2022



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/22

**BY ECF AND E-MAIL**

The Honorable Alison J. Nathan
United States District Court for the
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007
NathanNYSDChambers@nysd.uscourts.gov

    Re:    *GE Transportation Parts, LLC v. Central Railway Manufacturing, LLC*,
             Case No. 19-cv-4826 (AJN)

Dear Judge Nathan:

    We represent plaintiff/counterclaim defendant Wabtec Transportation Systems, LLC, f/k/a GE Transportation Parts, LLC ("GET") in the above-referenced action. We write pursuant to Rules 1.C and 4.B of the Court's Individual Practices in Civil Cases to seek approval to file the following exhibits under seal or in redacted form because of their confidential and/or highly confidential contents. All of these documents are exhibits to the Declaration of John F. Hagan, Jr., filed in further support of GET's motion for summary judgment and in opposition to defendant/counterclaim plaintiff Central Railway Manufacturing, LLC's motion for summary judgment:

| Exhibits Filed Under Seal | |
|---|---|
| **Exhibit** | **Description** |
| Ex. X | GET spreadsheet containing internal cost plan detail (GET0051803). |
| Ex. JJ | GET spreadsheet regarding internal GEER software license evaluation (GET0051763). |

| Exhibits Publicly Filed in Redacted Form | |
|---|---|
| **Exhibit** | **Description** |
| Ex. M | Email chain and attachment, dated August 7, 2018 (GET0019663). |
| Ex. O | Excerpts of the deposition of Todd Goodermuth, dated June 7, 2021. |

    The parties have agreed, consistent with the Court's Individual Practices, the Local Rules, Second Circuit precedent, and prior sealing decisions in this case, to limit their proposed redactions of their own respective materials only to confidential and sensitive pricing terms, cost information, and detailed technical information regarding the underlying matters. All the exhibits GET requests to be filed under seal or in redacted form fall within these categories, and GET has endeavored to keep proposed redactions to a minimum. The parties agree that redactions of these categories of information are generally sufficient to protect confidential and sensitive information contained within the documents bearing the designations "Confidential" or "Highly Confidential." *See*

# Arnold & Porter

The Honorable Alison J. Nathan
Page 2

*generally*, *Lugosch v. Pyramid Co, of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (setting forth presumption in favor of public access to litigation materials).[1]

Consistent with Rule 4.B, the exhibits that have been publicly filed in redacted form have also been electronically filed under seal in connection with this letter motion, with proposed redactions highlighted. In addition, the exhibits that have been filed under seal in their entirety on the docket will also be submitted to the Court's email address. *See* Rule 1.C.

We appreciate Your Honor's consideration of these matters and are available at the Court's convenience to discuss this letter motion.

Respectfully Submitted,

*/s/* John F. Hagan, Jr.

cc: All Counsel of Record (by ECF and e-mail)

---

The Court GRANTS Plaintiff's request. Plaintiff may file the unredacted forms of exhibits M and O under seal and may file exhibits X and JJ under seal.

SO ORDERED.

1/31/22

---

[1] *See also, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing of confidential business information); *Regeneron Pharma., Inc. v. Novartis Pharma AG*, 20-cv-05502 (AJN), 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (granting motion to maintain publicly filed redactions where redactions were "narrowly tailored to protect competitive business information"); *Optima Media Grp. Ltd. v. Bloomberg L.P.*, 17-cv-1898 (AJN), 2018 WL 1587074, at *8 (S.D.N.Y. Mar. 28, 2018) (granting motion to file exhibit in redacted form where redactions were narrowly-tailored to protect proprietary and commercially sensitive information); *Alstom v. Gen. Elec. Co.*, 228 F. Supp. 3d 244, 254 (S.D.N.Y. 2017) (granting motion for leave to file in redacted form where redactions were limited to "confidential and commercially sensitive information"); *Am. Broad. Companies, Inc. v. Aereo, Inc.*, 12-cv-1540 (AJN), 2013 WL 12338472, at *3, *4 (S.D.N.Y. June 24, 2013) (allowing parties to redact confidential business information in summary judgment papers).